**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KDY, INC., a California Corporation, | Case No. 08-4074 SC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |
| v. | |
| HYDROSLOTTER CORPORATION, a Canadian Corporation; PACIFIC PETROLEUM TECHNOLOGY, LLC, a Delaware Limited Liability Company; LEWIS TAYLOR, a Canadian Resident; and DOES 1 through 25, Inclusive, | |
| Defendants. | |

**I.  INTRODUCTION**

On June 12, 2008, the plaintiff KDY, Inc. ("Plaintiff" or "KDY") filed a Complaint in the Colusa County Superior Court of California.  See Mot. to Remand Removed Action ("Motion"), Docket No. 5, Ex. 4 ("Compl.").  The defendants Hydroslotter Corp., Pacific Petroleum Technology, LLC ("PPT") and Lewis Taylor ("Taylor," collectively "Defendants"), filed a Notice of Removal based on diversity jurisdiction with this Court on August 26, 2008.  Docket No. 1.  Plaintiff filed its Motion on September 25, 2008.  Defendants submitted an Opposition and Plaintiff filed a

Reply. See Docket Nos. 14, 16. For the following reasons, the Court GRANTS Plaintiff's Motion.

## II. BACKGROUND

Plaintiff filed its Complaint in California state court alleging claims under California law, including, among others, fraud, deceit, breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. See Compl. The dispute arose out of Defendants' alleged failure to pay Plaintiff for services rendered in relation to the extraction and production of underground natural resources, including gas and oil. Id. ¶ 14.

## III. LEGAL STANDARD

"The burden of establishing federal jurisdiction is upon the party seeking removal . . . and the removal statute is strictly construed against removal jurisdiction." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194-95 (9th Cir. 1988) (internal citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Moreover, "removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005).

Ordinarily, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386,

2

392 (1987).  Thus, "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  Id.

**IV.  DISCUSSION**

Plaintiff presents three theories for remand.  The Court need only reach the first.  28 U.S.C. § 1446 provides the rules for removal.  Section 1446 requires the notice of removal to be filed within 30 days after the defendant is served a copy of the initial pleading or within 30 days "after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant . . . ."  28 U.S.C. § 1446 (b).  In addition, § 1446 provides the following:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [diversity jurisdiction] more than 1 year after commencement of the action.

Id.

In the present case, Defendants concede that they removed Plaintiff's action to this Court more than 30 days after being served.  Opp'n at 5.  Defendants argue, however, that Plaintiff's Complaint does not contain the allegations necessary to trigger diversity jurisdiction, and thus Defendants had one year to remove the action.  In particular, Defendants argue that Plaintiff failed

3

1  to allege the citizenship of several of the Defendants, and thus
2  Defendants had no way of knowing whether diversity jurisdiction
3  existed.
4      The Ninth Circuit has stated:

> [N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. Thus, the first thirty-day requirement is triggered by defendant's receipt of an initial pleading that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is not removable at that stage.

Harris, 425 F.3d at 694.

    Plaintiff's Complaint alleges that Defendant Hydroslotter "is, and at all times relevant hereto, was, a Canadian corporation . . . ." Compl. ¶ 1. The Complaint further alleges that Defendant PPT "is, and at all times relevant hereto was, a limited liability company organized under the laws of Delaware . . . ." Id. ¶ 2. Nonetheless, Plaintiff concedes "that the initial pleading did not provide the citizenship of Defendant Taylor or the principal place of business for both Defendants PPT and Hydroslotter."[1] Mot. at 5. The issue for the Court is whether Plaintiff's Complaint provided sufficient information such that diversity jurisdiction was apparent. If the answer is yes, then Defendants' Notice of Removal was untimely and remand is appropriate.

---

[1] For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332.

4

In addition to the above-mentioned allegations, Plaintiff's Complaint also alleges that Defendant Taylor "is, and at all times relevant hereto was, an owner, director, managing agent, officer, and/or shareholder of Defendants Hydroslotter Corporation and PPT . . . ." Compl. ¶ 3. It further alleges that "there existed a unity of interest and ownership between Defendant Hydroslotter and Defendant Taylor, such that any individuality and separateness between them ceased to exist, and Defendant Hydroslotter is the alter ego of Defendant Taylor in that Defendant Taylor completely controlled, dominated, managed, and operated the corporation . . . ." Id. ¶ 7. The same allegations are made with respect to Taylor and PPT. Id. ¶ 9.

The essence of Defendants' argument is that because Plaintiff's Complaint did not specify the citizenship of each Defendant, Defendants had no way of knowing whether the action was removable. As noted above, defendants in general are not under "a duty to make further inquiry" beyond the four corners of the Complaint. Harris, 425 F.3d at 694.

Although Defendants argue that removal was not apparent on the face of the Complaint, they also concede that they did not receive any subsequent pleadings or documents from Plaintiff that would have indicated the citizenship of Defendants. See Opp'n at 4. Thus, between Plaintiff's filing of the Complaint and Defendants' filing of the Notice of Removal, the only pleading from which Defendants might garner sufficient information to determine that there was indeed diversity jurisdiction was the original Complaint.

It is undisputed that § 1446 provides for a thirty-day time limit for filing a notice of removal when federal jurisdiction is apparent from the face of the complaint. See 28 U.S.C. § 1446(b); Harris, 425 F.3d at 694 (stating "the first thirty-day requirement is triggered by defendant's receipt of an initial pleading that reveals a basis for removal"). If the grounds for removal are not apparent on the face of the complaint, § 1446 provides a second time limit of an additional thirty days. This limit begins to run on the date on which the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b); Harris, 425 F.3d at 697 (holding "[o]nce defendant is on notice of removability, the [second] thirty-day period begins to run"). As noted above, Defendants concede that they did not receive any additional pleading, motion, order or other paper from Plaintiff that informed them of their own citizenship.

Section 1446 also provides that if the basis for removal is diversity jurisdiction, this second thirty-day limit is limited to one year. See 28 U.S.C. § 1446(b) (stating "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by defendant . . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action"); Harris, 425 F.3d at 697

6

1  (holding "[a]dditionally, 28 U.S.C. § 1446(b) prevents, at least
2  in the context of removal based on diversity, unreasonable waste
3  of judicial resources by limiting the extended period of removal
4  to one year after commencement of the action") (internal quotation
5  marks omitted).

6      Defendants argue that this one-year limitation period is a
7  third, separate time limit that applies to any removal based on
8  diversity jurisdiction.  See Opp'n at 5.  As should be clear from
9  the language of § 1446, however, the one-year period merely
10 provides an outside limit in cases where removability is not
11 apparent from the complaint, the defendant discovers from papers
12 subsequently filed by the plaintiff that there is federal
13 jurisdiction, and the federal jurisdiction is premised on
14 diversity jurisdiction.  Thus, in cases other than diversity
15 jurisdiction, if a defendant learns from papers filed by plaintiff
16 that the case is removable, the defendant may remove the case to
17 federal court even if more than one year has elapsed since the
18 case was initially filed.  If, however, removability is based on
19 diversity, the defendant may not remove the case to federal court
20 after more than one year, even if the defendant subsequently
21 learns that diversity jurisdiction exists.

22     What should be apparent is that § 1446's additional time
23 limit is triggered when the complaint does not contain sufficient
24 information for the defendant to determine whether the action is
25 removable and when the defendant receives additional papers from
26 the plaintiff that alert the defendant to federal jurisdiction.
27 In the present case, Defendants concede that they never received

7

additional papers from Plaintiff.  The only conclusion the Court can draw from this is that Plaintiff's initial Complaint contained sufficient information so that Defendants were on notice as to the existence of diversity jurisdiction.  This conclusion is especially easy to reach given that the facts giving rise to diversity jurisdiction are Defendants' own places of citizenship. In effect, Defendants ask this Court to indulge in the idea that Defendants were ignorant of where they themselves lived and were located.

The Court's reasoning is not contrary to the holding of Harris.  Although the court in Harris did hold that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable proceedings, not through subjective knowledge or a duty to make further inquiry," Harris, 425 F.3d at 694, this conclusion was animated by the court's reluctance to impose a burden on "the defendant to investigate the necessary jurisdictional facts within the first thirty days of receiving an indeterminate complaint . . . ."  Id. at 693.  Thus, the court was clear that § 1446 "does not preclude defendants from removing a case where their discovery of the grounds of federal jurisdiction is belated because facts disclosing those grounds were inadequately or mistakenly stated in the complaint."  Id. at 695 (emphasis added).

In the present case, Defendants have not argued that they belatedly discovered their own geographical locations.  Rather, they have instead attempted to use the language of § 1446(b) as a justification for their own neglect in timely removing their case;

8

although courts are not to look to the subjective knowledge of a defendant, Defendants here admit that they did not learn their own geographical location from any of Plaintiff's papers. This is not surprising, as courts surely can presume that a defendant is aware of various basic personal facts, including the location of one's citizenship, without delving into the prohibited area of a defendant's subjective knowledge.

Defendant PPT was personally served on July 14, 2008, in Dover, Delaware. Mot. Ex. 4. Defendant Taylor was served through substituted process on July 16, 2008, in Ontario, Canada. Id. Although Defendant Hydroslotter has yet to be served, it nonetheless joined in the Answer filed by PPT and Taylor. See Answer, Docket No. 3, ¶ 1 (stating "Hydroslotter, PPT and Taylor admit that Hydroslotter is a Canadian corporation . . ."). Defendants did not file their Notice of Removal until August 26, 2008. Because their Notice of Removal was filed after the thirty-day limit imposed by 28 U.S.C. § 1446(b), and mindful that "removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts," Harris, 425 F.3d at 698, the Court hereby REMANDS Defendants' action to the Superior Court of Colusa County.

Finally, it is worth noting that, in any event, this Court is not the proper court for removal of Plaintiff's action. Plaintiff filed its Complaint in the Superior Court in the County of Colusa. Section 1446 requires a defendant seeking to remove an action to "file in the district court of the United States for the district and division within which such action is pending a notice of

9

removal . . . ." 28 U.S.C. § 1446(a); see also 28 U.S.C. § 1441(a) (same). Not only is the County of Colusa not within the division of this Court, it is not even within the district of this Court, and instead lies within the Eastern District of California. See 28 U.S.C. § 84 (stating that the County of Colusa is located in the Eastern District of California).

## V.   ATTORNEY'S FEES

In addition to remanding the case, Plaintiff also seeks attorney's fees and costs in the amount of $3,625.00 for the filing of the instant motion. Although 28 U.S.C. § 1447(c) authorizes the imposition of attorneys' fees when a case is remanded, the Court declines to do so.

## VI.   CONCLUSION

For the reasons discussed herein, the Court GRANTS Plaintiffs' Motion to Remand. The case is therefore REMANDED to the Colusa Superior Court for the State of California. Plaintiffs' Motion for Attorneys' Fees is DENIED.

IT IS SO ORDERED.

Dated: November 17, 2008

_____
UNITED STATES DISTRICT JUDGE